IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Silvester Duenez,<br><br>                Plaintiff,<br><br>vs.<br><br>Tidewater Boats, LLC, James E.<br>Metts, Jr., Christopher Martin,<br>and Richard Correll,<br><br>                Defendants. | C/A No.: 3:20-972-MGL-SVH<br><br><br><br><br><br>ORDER |

In this employment discrimination case, Silvester Duenez ("Plaintiff") sues his former employer Tidewater Boats, LLC ("Tidewater"), as well as the following owners and managers of Tidewater: James E. Metts, Jr. ("Metts"), Christopher Martin ("Martin"), and Richard Correll ("Correll") (collectively "Defendants"). Plaintiff brings this action pursuant to 42 U.S.C. § 1981 (claims 1–3 against Defendants) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") (claims 4–6 against Tidewater).

This matter comes before the court on Defendants' partial motion to dismiss Plaintiff's claims against Defendants brought pursuant to 42 U.S.C. § 1981 [ECF No. 19] and Plaintiff's motion to amend/correct his complaint [ECF No. 23]. The motions having been fully briefed [*see* ECF Nos. 22, 26, 29, 30], they are ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned denies as moot Defendants' motion to dismiss and grants Plaintiff's motion to amend.

I.    Factual and Procedural Background

Plaintiff filed his original complaint in this action on March 9, 2020. [ECF No. 1]. In response, Defendants filed an answer and partial motion to dismiss, citing the Supreme Court's March 23, 2020 decision in *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009 (2020) as a basis for dismissal of Plaintiff's § 1981 claims. [ECF Nos. 6, 7].[1]

Plaintiff filed his first amended complaint ("FAC") on June 29, 2020, removing one cause of action that had been previously asserted, but not addressing the *Comcast* issue. [ECF No. 10]. The court held as moot Defendants' partial motion to dismiss in light of the FAC. [ECF No. 11].

---

[1] The causation standards for Title VII and § 1981 are different. In *Comcast*, the Supreme Court held that to prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." 140 S. Ct. at 1019. For Title VII, a plaintiff may prove discrimination by showing that race was a "motivating factor" in the employer's adverse employment action. *Id.* at 1017; *see also Swaso v. Onslow Cty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017), as amended (Aug. 11, 2017).

2

On July 8, 2020, Defendants' counsel sent Plaintiff's counsel a letter that did not address the *Comcast* issue, but outlined other deficiencies in the FAC that Defendants argue would have required them to file a motion for a more definitive statement and/or motion to strike if not addressed. [ECF No. 29-1].[2] The parties thereafter filed a consent motion for Plaintiff to file a second amended complaint ("SAC"), filed July 20, 2020, and granted the same day. [ECF Nos. 13, 14, 15].

As relevant to the resolution of the instant motions, Plaintiff, a Mexican-born naturalized citizen, alleges in his SAC that when he was employed by Defendants, his "job duties were to manage a crew of 50 and at times as many as 80 laborers, who consisted mostly of undocumented Hispanic workers." [ECF No. 15 ¶¶ 2, 19]. Plaintiff alleges he and the other Hispanic supervisor employed by Defendants, along with their crews, were treated differently than their white counterparts, including having to work substantially more hours. *Id.* ¶¶ 23–26, 29–30.

Plaintiff alleges he was required to assist Defendants "with knowingly hiring undocumented workers," unlike non-Hispanic managers. *Id.* ¶ 45. Plaintiff informed the human resource manager, Amy Harsey ("Harsey"),

---

[2] Local Civ. Rule 7.02 (D.S.C.) provides that prior to filing a motion for a more definitive statement or motion to strike, among other motions, counsel seeking to file the motion must "confer[] or attempt[] to confer with opposing counsel and attempt[] in good faith to resolve the matter contained in the motion." Motions to dismiss are exempt from this requirement. *See id.*

3

that he no longer wished to be involved with hiring undocumented workers, and he complained to Correll that it was racial discrimination to require him and the other Hispanic workers to work longer hours than the non-Hispanic workers. *Id.* ¶¶ 50–51. A day after complaining to Harsey, Correll terminated Plaintiff's employment. *Id.* ¶ 53.

Plaintiff alleges he was terminated "because of his race and because he complained about racial discrimination" and that he was harassed "based upon his race." *Id.* ¶¶ 55, 107; *see also id.* ¶¶ 64, 65, 96, 99, 115. However, Plaintiff also alleges that his race "was a motivating factor in Defendants' decision to terminate him and to require him to work substantially more hours." *Id.* ¶ 66; *see also id.* ¶¶ 67, 69, 75, 78, 90.

On August 3, 2020, Defendants filed their answer to the SAC, as well as the instant partial motion to dismiss the § 1981 claims, again raising *Comcast* as a basis for dismissal. [ECF Nos. 18, 19]. Although Plaintiff has filed an opposition to Defendants' motion, arguing that "Plaintiff did adequately plead his §1981 by pleading 'because-of' and 'based-on,'" Plaintiff concedes he also alleged the "motivating factor" test, agreeing "to strike those paragraphs." [ECF No. 22 at 2].

Two days later, on August 29, 2020, Plaintiff additionally filed the instant motion to amend. [ECF No. 23]. In Plaintiff's proposed third amended complaint ("PTAC"), Plaintiff primarily seeks to (1) add allegations

4

concerning administrative remedies, (2) add additional allegations that the treatment he received from Defendants was "because of" and "based on" Plaintiff's race, as well as that race was the "but for" cause of his treatment, (3) remove references that Plaintiff's race was "a motivating factor" for Defendants' treatment of Plaintiff, and (4) clarify that Plaintiff is bringing his § 1981 claims solely based on race discrimination and his Title VII claims based on race and national origin discrimination. [*See* ECF No. 23-1; *see also* ECF No. 29-2 at 65–103].

II. Discussion

    A.    Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot

5

support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

B.  Standard on Motion to Amend

Leave to amend should be freely granted under Fed. R. Civ. P. 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

C.  Analysis

In the SAC, Plaintiff has pleaded both (1) the treatment he received from Defendants was because of race discrimination and (2) race discrimination is one of the factors that resulted in the treatment he received. In Plaintiff's PTAC, Plaintiff proposes to plead that the complained-of treatment he received from Defendants was solely due to race discrimination. Defendants oppose Plaintiff's motion to amend his complaint, "acknowledg[ing] that leave is ordinarily given when justice requires," but arguing that "justice does not so require in this case." [ECF No. 29 at 4].

More specifically, Defendants first argue that the PTAC "continues to contain allegations that Plaintiff was terminated based on reasons other than his race, which means the § 1981 claims would fail under *Comcast*" and that "[b]ecause the proposed Third Amended Complaint still would not satisfy the but-for standard required by *Comcast*, the proposed amendment would be

6

futile, and the motion to amend should therefore be denied." *Id.* at 5. Defendants argue the following allegations support their argument:

> 95.    Plaintiff complained to Ms. Harsey that he no longer wished to be engaged in Defendants' illegal hiring practices.
>
> 96.    Plaintiff was engaged in protected activity when he complained.
>
> 97.    Plaintiff's termination was retaliatory in that Plaintiff was terminated a day after he complained.

[*See* ECF No. 23-1; *see also id.* ¶ 94 ("Mr. Duenez was terminated because he complained to Defendant Correll and Ms. Harsey that the Defendants were engaging in discriminatory conduct against him and the other Hispanic workers.")].

Plaintiff's proposed amendments are not futile under *Comcast*. Plaintiff's PTAC alleges he was terminated because of his race and because he complained of the treatment he and others received because of their race, including that Plaintiff, but not other non-Hispanic supervisors, was required to assist Defendants with knowingly hiring undocumented workers. *Id.* ¶¶ 48, 94–97. Although Defendants argue otherwise, Plaintiff has not alleged a non-discriminatory reason for his termination. *See, e.g., Astre v. McQuaid*, 804 F. App'x 665, 667 (9th Cir. 2020) (citation omitted) ("Ultimately, the § 1981 claims in this case are implausible because the complaint identifies independent non-discriminatory reasons for the alleged impairment . . . .

7

[The] allegations do not give rise to a plausible inference that [defendant's] alleged racially discriminatory actions caused the alleged impairment to [plaintiff's] contractual relationship . . . .").[3]

Defendants next argue Plaintiff's motion to amend should be denied because the amendment would be unduly prejudicial to Defendants, where Plaintiff has been on notice since at least Defendants' first partial motion to dismiss that Plaintiff failed to plead but-for causation as directed by the Supreme Court in *Comcast*, where the parties have fully briefed Defendants' second partial motion to dismiss, and where Defendants in total have had to file two answers in addition to two partial motions to dismiss.

---

[3] The court additionally rejects Defendants' argument that Plaintiff "should not be allowed to evade a fully briefed Motion to Dismiss by changing the 'facts' and allegations of mixed motive or motivating factor causation, which have appeared in three prior versions." [ECF No. 29 at 6 (citing *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 372 (D.D.C. 2018) ("Where a plaintiff blatantly changes his statement of the facts in order to respond to the defendant's motion to dismiss . . . [and] directly contradicts the facts set forth in his original complaint, a court is authorized to accept the facts described in the original complaint as true.")]. "[R]econcilable small variations between the complaints are acceptable," *Golden*, 319 F. Supp. at 372, and, here, Plaintiff seeks allege again, albeit more clearly, that race was the but-for cause of Defendants' treatment of Plaintiff, removing allegations that race was a motivating factor, following the Supreme Court's decision in *Comcast*. *See also, e.g., Cunningham v. Wells Fargo N.A.*, C/A No. 3:19-00528-FDW, 2020 WL 5300843, at *10 (W.D.N.C. Sept. 4, 2020 ("In light of Plaintiff's request and under the circumstances of the case, the Court directs Plaintiff to file . . . a Second Amended Complaint. In so doing, Plaintiff should seek to ensure the new pleading meets the 'but-for' standard recently articulated by the Supreme Court in *Comcast*.").

Although it is unclear why Plaintiff has waited until now to address the *Comcast* issue when he was put on notice as to this issue no later than June 15, 2020, and, in the interim, has filed both the FAC and SAC, prejudice to Defendants is not so significant as to warrant denying Plaintiff's motion. *See, e.g., Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citation omitted) ("A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial."); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial.").

As noted by the parties, official discovery has not begun. [ECF No. 23 at 3, ECF No. 29 at 8]. Additionally, in contrast to cases cited by Defendants, the instant case is not one where a plaintiff seeks leave to amend but has not indicated the requested amendments would cure the deficiencies in the complaint. *See, e.g., Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 539 (D.S.C. 2014) ("The Court notes that Plaintiffs have had sufficient time to formulate and reformulate their claims in the interim between the filing of the initial complaint and the amended complaint. The Court has seen no indication that further leave to amend will result in anything new in this

9

case, and the request for further leave is denied."); *see also Raab v. General Physics Corp.*, 4 F.3d 286, 291 (4th Cir. 1993) (approving denial of request for leave to amend which would allow plaintiffs "a second chance to add scatter-shot allegations to their complaint"); *Cash v. Garner*, C/A No. 7:16-548-BHH-KFM, 2016 WL 11410931, at *7 (D.S.C. May 23, 2016), report and recommendation adopted, C/A No. 7:16-548-BHH, 2016 WL 6775503 (D.S.C. Nov. 16, 2016) ("The plaintiff's proposed amended complaint suffers from futility because the factual material that the plaintiff seeks to add fails to address, let alone rectify, the failure of the initial complaint . . . .").

Defendants next argue that Plaintiff's motion should be denied "for the additional reason that there have been repeated failures to cure the deficiencies in Plaintiff's complaints despite multiple previous amendments." [ECF No. 29 at 9]. In support and in addition to *Williams*, addressed above, Defendants cite *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) and *Kerr v. Marshall Univ. Bd. of Governors*, C/A No. 2:14-12333, 2018 WL 934614, at *4 (S.D. W. Va. Feb. 16, 2018). However, in *Mayfield*, the Fourth Circuit affirmed the district court's denial of the plaintiff's motion to amend where the conduct giving rise to the lawsuit occurred over three years prior, where the complaint was filed over two and a half years prior, and where a significant amount of discovery had been conducted. *Mayfield*, 674 at 379. Also, in *Kerr*, unlike here, the court found

Plaintiff had "acted in a dilatory manner that indicates bad faith, and Defendants would face additional prejudice if the Court allows Plaintiff to move forward with her amended complaint, which is seventy-eight pages longer than the original Complaint filed over three years before the pending motion . . . ." *Kerr*, 2018 WL 934614, at *5.

These cases are distinguishable from the instant case, and, as stated above, the Fourth Circuit has made clear that under Rule 15(a) "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix*, 576 F.3d at 193; *see also Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir. 1999) (citation omitted) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading.").

The undersigned is aware, however, that Plaintiff's PTAC will be the fourth complaint he will have filed in the span of seven months. Plaintiff's motions to amend were all filed prior to September 14, 2020, the due date provided by the scheduling order in effect for filing motions to amend. [*See* ECF No. 8]. That deadline has elapsed. Thus, any future motions to amend the pleadings will be governed by Fed. R. Civ. P. 16(b), which provides the

11

scheduling order "may be modified only for good cause and with the judge's consent."

III.  Conclusion

For the foregoing reasons, Plaintiff's motion to amend/correct his complaint is granted. [ECF No. 23]. The Clerk of Court is directed to separately file the PTAC as the Third Amended Complaint. Defendant's motion to dismiss is denied as moot in light of the amended complaint. [ECF No. 19]. Defendants' deadline to file an answer or otherwise plead to the Third Amended Complaint is October 7, 2020.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 28, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge